SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellant, v. STANLEY SHABLAUSKAS, Individually and as Executor, etc., of ANTHONY NENIUS, Deceased, and Others, Respondents.— Order, so far as it denies plaintiff's motion for an order of interpleader and for leave to deposit $1,351.82 with the clerk and thereupon be discharged from liability to defendants, reversed upon the law and the facts, with ten dollars costs and disbursements to appellant, payable by respondents Nenius, and motion granted to that extent, without costs. In all other respects the order is affirmed, without costs. The plaintiff has expressed a willingness to deposit the sum of $1,351.82 into court, to be paid to the claimant entitled thereto. The matter of counsel fee, disbursements and allowances is based upon contract and cannot be determined on this motion. If plaintiff insists upon these items, it may result in a dispute which would make an order of interpleader unavailable to it. While the only defendants before the court indicate a willingness to have these items fixed and allowed, the other defendants are silent with reference thereto. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

LILLIAN B. TUCKER, Appellant, v. ALFRED WOLF, Trading under the Firm Name and Style of IDEAL FURNITURE SHOP, Respondent.— Order reversed upon the law and the facts, with costs, verdict reinstated, and judgment directed to be entered thereon, with costs. The record discloses nothing which permits the inference that the jury herein was prejudiced or influenced by any improper motive when it rendered its verdict. This is a case where the damages awarded should rest in the experience and good sense of the jury. Young, Hagarty and Scudder, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote to affirm.

## THIRD DEPARTMENT, OCTOBER, 1931.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BENJAMIN GLASS and JOSEPH KUPPERMAN, Appellants.— Motion to set aside the decision and order of this court dismissing the appeal herein and to open defendants' default and to enlarge defendants' time to argue their appeal herein is granted upon condition that appellants perfect the appeal for the November term, for which term the case is ordered on the calendar. (See *People* v. *Pennestri*, 253 N. Y. 318, revg. 227 App. Div. 799.)